UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL MORRIS,

    Plaintiff,

    v.

COMCAST OF MARIN and LIBERTY MUTUAL,

    Defendants.

_____/

No. C 11-3712 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' amended motion to dismiss the complaint came on for hearing before this court on November 9, 2011. Plaintiff Paul Morris ("plaintiff") appeared pro se. Defendants Comcast of Marin ("Comcast") and Liberty Life Assurance Company of Boston (erroneously sued as "Liberty Mutual")("Liberty Life")(collectively "defendants"), appeared through their counsel, Alexis Kent. Having read the parties' papers and carefully considered both parties' oral arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

    Defendants construe, and plaintiff admits, that plaintiff's underlying state court small claims complaint asserts two causes of action against defendants: common law breach of contract and constructive fraud. See Petition for Removal, Exhibit 1 ("Complaint"); see also Pl. Dismiss Opposition Br. at 2. Plaintiff's claims are generally premised on the allegation that defendants "fraudulently sold [plaintiff] long term disability insurance with no chance of collection." Complaint at p. 2. Defendants seek dismissal of both claims, on grounds that ERISA § 514, 29 U.S.C. § 1144, preempts them.

    Defendants are correct. ERISA preempts claims that "relate to" an employee benefit

plan as articulated by ERISA § 514(a). See 29 U.S.C. 1144(a)(ERISA § 514(a) expressly preempts "state laws insofar as they . . . relate to any employee benefit plan."); see also Abraham v. Norcal Waste Sys., Inc., 265 F.3d 811, 819 (9th Cir. 2001). Here, the insurance policy underlying plaintiff's claims – which has been submitted by defendants in support of their motion to dismiss and which may properly be considered as a document referenced in plaintiff's complaint – is part of an ERISA employee welfare benefit plan, as maintained by defendant Comcast for the benefit of its employees. See Declaration of Paula J. McGee ISO Mot. Dismiss, ¶¶ 3-4, Ex. A. Because plaintiff's causes of action for breach of contract and constructive fraud – premised on allegations relating to the defendants' provision of long term disability benefits – would substantially affect an ERISA-governed relationship, they therefore "relate to" to an "employment benefit plan" and as such, are preempted under § 514(a).

Furthermore, to the extent plaintiff's opposition can further be read to state that the underlying complaint asserts an additional claim for breach of fiduciary duty under the ERISA regulatory scheme, plaintiff has neither pled nor elucidated in his opposition sufficient facts from which to state a legally cognizable ERISA claim.

Accordingly, for the foregoing reasons, defendants' motion to dismiss is GRANTED. The dismissal is without prejudice to plaintiff's ability to re-file a complaint properly alleging violation of his rights pursuant to ERISA. As discussed at the hearing, however, if plaintiff seeks to do so, he must first exhaust his administrative remedies. As such, plaintiff is granted a period of ninety days – until February 7, 2012 – in which to exhaust his administrative remedies. Plaintiff shall have twenty-eight days thereafter – until March 6, 2012 – in which to file his amended complaint, if any.

**IT IS SO ORDERED**.

Dated: November 9, 2011

PHYLLIS J. HAMILTON
United States District Judge